**Martina M. TUPAZ, Jose G. Tupaz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2238–68.**

United States District Court
District of Columbia.

Jan. 23, 1970.

Harold J. Nussbaum, Washington, D. C., for plaintiffs.

William D. Ruckelshaus, Asst. Atty. Gen., Russell Chapin and David V. Seaman, Attys., Department of Justice, Washington, D. C., for defendant.

## OPINION

MATTHEWS, District Judge.·

This case came on for hearing, and the Court has considered the record, the evidence adduced including Veterans Administration Claim File No. XC–6 376 121, and the argument and briefs of counsel.

The plaintiffs are the parents of Ernesto M. Tupaz who was killed in action November 22, 1943, while in the military service of the United States. He is deemed to have been covered by $5,000 of gratuitous insurance pursuant to Section 602(d) (3) (B) of the National Service Life Insurance Act of 1940, 38 U.S.C. (1952 Ed.) § 802(d) (3) (B). It is this insurance which the veteran's parents seek to recover by this action.

On behalf of the United States the claim is made that the Court lacks jurisdiction in this case for the reason that suit was not filed within the applicable limitations period specified in 38 U.S.C. § 784(b). It is also claimed that plaintiffs do not come within the permitted class of beneficiaries for gratuitous National Service Life Insurance because not "dependent" upon their veteran son at the time of his death as required by law. 38 U.S.C. (1952 Ed.) § 802(d) (2) (C).

It is clear that on November 12, 1947 plaintiffs filed a claim with the Veterans Administration for the insurance benefits, showing that the veteran had no widow or child.

Thereafter on June 23, 1952, the Veterans Administration denied the parents' claim on the ground that

"The deceased was not a member of the Armed Forces of the United States on or after December 7, 1941 and prior to April 20, 1942."

The aforesaid denial was not one made after consideration of the claim on its merits. This is so because the defendant, United States of America, through its Department of the Army, erroneously reported to the Veterans Administration that Ernesto M. Tupaz was not a member of the Armed Forces of the United States on or after December 7, 1941 and prior to April 20, 1942 when in truth and in fact he was in the military service of the United States from December 17, 1941 to the date of his death on November 22, 1943.

On July 31, 1952, the plaintiffs wrote the Veterans Administration referring to the disallowance of their claim on June 23, 1952. They took exception to the denial of their claim and asked that

the action taken thereon be reviewed.[1] Moreover, their letter put the Veterans Administration on notice that they were insisting that their son was indeed a veteran who lost his life in the service of the United States.

Nevertheless, there is nothing in the Veterans Administration Claim file or elsewhere to show that the Veterans Administration ever took any action on the plaintiffs' exception to the disallowance of their claim or on their request for a review. Neither is there anything to indicate that the letter of the parents was acknowledged or that the Veterans Administration sought clarification of the service record in question.

In 1958 the Department of the Army corrected its error and certified to the Veterans Administration that Ernesto M. Tupaz had military service for the United States from December 17, 1941 to the date of his death on November 22, 1943. But this recertification did not result in any action by the Veterans Administration, corrective or otherwise, except the mere filing of the document evidencing the recertification.

On March 7, 1966 Mrs. Tupaz, mother of the deceased veteran, wrote the Veterans Administration stating, among other things, that

> An application for the National Life Service Insurance had been properly made and submitted, however, up to this writing, we still failed to receive any amount corresponding to this benefit.
>
> In connection with this claim, therefore I and my husband, respectfully request information as to the present status of our claim for Insurance Benefits * * *.

Not receiving a response, Mrs. Tupaz on June 9, 1966 wrote again to the Veterans Administration for the information sought in her March 7, 1966 letter as to the status of the insurance claim.

Then there came to Mrs. Tupaz a form letter from the Veterans Administration dated July 20, 1966 in which there was typed at the end thereof the old erroneous refrain "your son was *not* a member of the Armed Forces of the United States on or after December 7, 1941 and prior to April 20, 1942." (Emphasis supplied.)

On February 27, 1967 Mrs. Tupaz again wrote the Veterans Administration about her claim for gratuitous insurance informing them: "The Department of the Army has recertified the USAFFE service of my late son. * * * In view of this recertification * * * I reiterate my request for the processing and adjudication of my claim for gratuitous insurance."

By letter dated March 9, 1967, the Veterans Administration wrote Mrs. Tupaz stating that as of that date it had "not received a new report from the U. S. Department of the Army showing your son was a member of the Armed Forces" and advising her that for its consideration she might "submit the certificate mentioned" in her letter.

In a letter dated March 16, 1967 Mrs. Tupaz wrote "In compliance with your letter I am submitting the letter of the Commanding Officer, Dept. of the Army dated 19 January 1967 which letter was in answer to our letter requesting for a

---

1. Their letter reads in part as follows:
   *We except* to such ruling and herewith enclosed (sic) for your consideration the original processing papers marked as Claim No. D–65–404 which was inadvertently left with us. These records as duly signed by Lt. Robert V. Fulkerson should have been filed with the Recovered Personnel Division of the United States Army and had this been done the Department of the Army should have readily verified to the USAFFE status of the above named deceased veteran.
   Taking into consideration the foregoing, it is fervently hoped by the dependent parents of the above mentioned veteran that the action taken by your Office on their *claim be reviewed* in order to afford them all the benefits they are justly entitled under the existing laws of the United States. (Emphasis supplied.)

recertification of military services." Again she asked that her "claim for gratuitous insurance be readjudicated and paid."

On March 31, 1967 the Veterans Administration sent her a form letter with a typed notation as follows: "The enclosed letter you received from the Department of the Army does not show that your son had service with the USAFFE."

Finally about ten years after the 1958 recertification by the Department of the Army and approximately 16 years after the plaintiffs took timely exception to and asked for a review of the 1952 denial of their claim the Veterans Administration got around to consideration of the claim on the proper service record. On June 13, 1968 Mrs. Tupaz was notified of the denial of her insurance claim. The ground asserted therefor was that Mrs. Tupaz was not a dependent parent during the three month period preceding the death of the veteran.

This suit was instituted by Mrs. Tupaz on September 6, 1968. Subsequently the father of the veteran joined her as a plaintiff.

The statute of limitations provides that no suit on National Service Life Insurance shall be allowed unless the same shall have been brought within six years after the right accrued for which the claim is made. 38 U.S.C. § 784(b). As the veteran in the instant case was killed November 22, 1943 the right to bring suit for his insurance accrued to his parents on that date. Hence the statute of limitations then began to run and continued to run until November 12, 1947 when they filed their claim with the Veterans Administration.

In the law last above cited there is a provision for a suspension of limitations while consideration of such claim takes place. Accordingly the period in the instant case elapsing between November 12, 1947 (the date of the filing of the claim) and June 23, 1952 (the date the government says a denial of the claim took place) is not to be counted.

If the running of the statute of limitations resumed on June 23, 1952, then obviously the running expired long before September 6, 1968 when the instant suit was commenced, and the statute of limitations would be a bar to recovery.

On the other hand, if the suspension of limitations beginning on November 12, 1947 (the date of the filing of the claim) continued until June 13, 1968 (the date of the final rejection) then this suit would not be barred.

██ Under 38 U.S.C. § 784(a) dealing with suits on insurance the right to sue is granted in "the event of disagreement" between the Veterans Administration and the insurance claimant or claimants. By subdivision (h) of that section *"the term 'disagreement' means a denial of the claim, after consideration on its merits * * *"*. (Emphasis supplied.)

When the Veterans Administration on June 23, 1952 denied the claim of plaintiffs such denial was certainly not "after consideration on its merits." On the contrary, the denial was after consideration of an erroneous report by the Department of the Army that Ernesto M. Tupaz did not have the requisite service in the military forces of the United States to qualify him for the insurance in question. Under these circumstances the denial of June 23, 1952 did not constitute "a denial of the claim, after consideration on its merits." The only denial after consideration on its merits was the denial of 1968. It is therefore the view of the Court that there was a suspension of limitations from November 12, 1947 to June 13, 1968, and hence that the bar of the statute had not fallen when the instant suit was commenced.

██ The evidence in the claim folder is adequate to sustain the plaintiffs' dependency claim. During the three-month period immediately preceding and including the date of death of the veteran, the plaintiffs and their six children under the age of 18 years, were dependent upon the charity of a kind friend for shelter. Their property had been looted

and burned by the Japanese. Their veteran son gave them 60 pesos in guerrilla money. Their only other income was from sales of candy made by Mrs. Tupaz but these sales were insufficient for plaintiffs' reasonable support and maintenance. The conclusion reached by the Veterans Administration that dependency did not exist is without substantial support in the record.

*Accordingly judgment may be rendered for plaintiffs. Counsel for plaintiffs may submit a proposed judgment.*